Toole and others agt. Cook and others.

## SUPREME COURT.

WM. S. TOOLE and others agt. LEVI COOK and others

The *maker* of a promissory note loaned to the payee, for the use of and sold by the latter, as business paper to a third party, cannot set up the defence of *usury*, to the payment of the note, where the payee, if any one, was the only person who paid any extra interest.

Where there has been a regular judgment by default, upon a promissory note, upon due service of process, and execution issued to the sheriff, the defendant's application to be let in to defend, on the ground of usury, comes too late. He should at least, have waked up before the call of the sheriff with the execution.

*New - York Special Term,* October, 1857.

MOTION by defendant to open a judgment by default, and for leave to defend, &c.

————— *for defendants.*
————— *for plaintiffs.*

ROOSEVELT, Justice. The note sued on was purchased *bona fide* as business paper. No usury was contemplated or intended. The transaction on its face exhibited nothing to cre-

ate suspicion. If any extra interest was paid, it was not paid by the makers of the note. *They* had delivered it to the payees to make such use of, (for aught that appears,) as the payees saw fit. Nor do the defendants now pretend, of their own knowledge, that any usury was exacted even of the payees. They are "informed and believe," they say. Who was their informant, and where is *his* affidavit? Men believe easily what they wish strongly. Such belief unsupported is of little value, especially to open a regular judgment and establish a penalty or forfeiture; and that too against an innocent party. Men who would punish the faults of others, must be careful not to allow defaults themselves.

These defendants were duly notified on the 5th of August, of the commencement of the suit on the note, and that unless they put in a defence in twenty days, judgment would be taken against them for the amount specified in the summons. The summons was a very simple document; intelligible—and intended by the Code to be so—to the commonest understanding. No misapprehension in that respect, is or could be pretended. And yet the defendants, although thus explicitly warned, took no steps by way of defence for more than sixty, instead of twenty days. They did not even suggest to their attorneys that they had any defence, and not until roused by the call of the sheriff with a regular execution against their goods, did they wake to the consciousness of an undefined belief in the existence of some supposed usurious act, which it was their duty to punish and profit by.

They are too late on such papers. The application, it is almost admitted, could not have been entertained for a moment, as the law stood prior to the act of 1837, an act, which it is said, has reversed all previous rules on the subject, and made the defence of usury an object to be "selected for special favor." On that statute the defendants rely. They forget, however, that *they* are not the "borrowers." *They* loaned the note, if their own version be correct, to Cross & Hoyt. If they are compelled to pay its full face, they will have a remedy over for the full face against Cross & Hoyt. Now, the statute re-

lied on, is for the relief of the oppressed "borrowers." It is they that pay the "shave," so called. The statute says, that "whenever any borrower," shall apply for relief, it shall not be necessary "for *him*" to pay "any interest or principal."

Such is the language of the act, and such is the construction put upon it, by the court of appeals. I cannot, therefore, consistently with established precedents, let the defendants in. The plaintiffs in such a case, have a right to the benefit of their own diligence, and of the defendants' laches. *Lex vigilantibus, non dormientibus.* No injury is done to the defendants, they are merely compelled to pay what they had promised to pay, and what when paid, they can recover in full from the friends whom they had obliged—the precise remedy which they contemplated when the note was given.

Motion to vacate the judgment obtained by plaintiffs, denied.